WARREN *v.* STATE.

(*Nashville,* December Term, 1941.)

Opinion filed December 13, 1941.

158

SAM GOLDBERGER and HARRY D. BARNETT, both of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The appeal is from a conviction of robbery with a maximum sentence of fifteen years.

Al Crowder and others riding with him in a car were robbed, on the night of March 16, 1941, by a party who approached the car at a point where it had stopped on the road after night, carrying a flash-light in one hand and a pistol in the other and with black grease or paint smeared over his face, and demanded the money of the occupants of the car. The defendant was arrested and charged with this offense. It appears that he was indicted in separate cases for robbing several other of the occupants of the car.

The sole question of fact, arising under assignments challenging the preponderance of the evidence, relates to the identity of the robber. The defendant took the stand and denied that he committed the crime. However, several of the parties who were in the car on this occasion testified to the identity of the defendant as the party who

committed the robbery. It is insisted for plaintiff in error that the identification by these parties was not positive, but was rested largely on the similarity of the voice of the defendant on trial and his manner of speech to that of the robber. It appears that after the arrest of the accused he was brought before these several witnesses, who were occupants of the car, along with a number of other prisoners and was picked out of the group in each case by the respective witness. It is true that one or two of these witnesses stated that they were not positive of the identification until they heard him talk, but that after they heard the defendant talk they were positive he was the party. However, this was not true of all the witnesses. For example, Joe Pierucci testified that when called to the jail to identify a man that had been arrested "he picked the defendant Warren from six men; that he was positive of the identification." Also Fred Crowder testified that he was one of the party in the car and that "he went to the jail to identify a man on the 25th day of March, 1941, and he picked Warren from six men." Upon cross-examination he stated that "he believed Warren was the man who robbed them, but was positive after hearing him talk because he talked slow and had a sniffle." Elizabeth Willis testified that she was in the party held up; "that she identified the man at the jail; that she identified him by the manner of his talk and that he sniffled." All of the witnesses described the man as dressed in overalls, jumper, and black cap; that he was tall and had black paint or grease smeared over his face. All described him as approaching the car in the same general manner, that is, with a flash-light in one hand and pistol in the other.

The State introduced Leonard Griffin and a Miss Johnson, who testified that a few nights later, at about the

same locality and about the same time of night, their car was approached and held up and they were robbed by a man dressed in a black cap and overalls, with his face smeared with dark grease or paint, carrying a pistol in one hand and a flash-light in the other, who had an impediment in his speech. Objection was made to the introduction of these witnesses upon the ground that their testimony tended to show the commission of a distinct crime by the defendant. The testimony was first heard by the trial judge apart from the jury for the purpose of deciding to what extent the crimes were identical in manner of perpetration, with a view to determining the admissibility of the evidence for the purpose of identification. After hearing the testimony of the witnesses offered, the court overruled the objection and admitted this evidence.

■■ We are satisfied that there is no preponderance of evidence against the finding of guilt by the jury. The evidence as a whole was sufficient to establish the identity of the accused. It is true that he introduced several witnesses who testified to a previous good character, and also testified to his presence elsewhere at the hour, by way of establishing an alibi, and supported his own testimony by that of his wife and a Mrs. Rayburn who lived in the same house. However, the weight to be given this alibi testimony was a matter for the jury, taking into consideration the ease with which this defense may be supported by testimony and the various elements of weakness well recognized as incident to this defense.

The assignments challenging the preponderance of the evidence must be overruled.

■ By other assignments counsel challenge the admissibility of the evidence to which reference has been made, given by the parties who were robbed by defend-

ant on a different occasion, upon the ground that this evidence prejudiced the defendant's case by tending to establish his commission of an independent and separate crime. We think the trial judge committed no error in admitting this testimony. In *Woodruff et al.* v. *State,* 164 Tenn., 539, 540, 51 S. W. (2d), 843, 845, Mr. Justice SWIGGART, in the course of his opinion, makes the following general observation on this subject, applicable here:

''Evidence material to the issue under investigation in a criminal case is never rendered incompetent because it tends to show that the accused has committed other crimes. It is competent or incompetent according to whether it is relevant to the issue on trial and has probative value. If incompetent by that test, its tendency to show guilt of another offense may cause it to be prejudicial to the accused and therefore ground for reversal. But evidence competent because relevant is not rendered inadmissible merely because it is prejudicial to the accused. This is the rule to be deduced from the leading case of *Defrese* v. *State,* 50 Tenn. (3 Heisk.), 53, 8 Am. Rep. 1, long recognized as authority, wherein the court said: 'It may be safely assumed that whatever tends to explain or elucidate the charge in question, or to demonstrate the guilty connection of the parties therein, may be given in evidence though it may be a ground of another and distinct accusation.' ''

The attorney-general in his brief in this Court concedes that as a general proposition evidence of other crimes is inadmissible, but relies upon a well recognized exception applicable where, as in the instant case, the only question at issue is the identity of the party committing the crime for which the accused is on trial. He submits that in cases of this kind such evidence is admissible and

162

quotes the following from a leading law text book authority, 20 Am. Jur. 292, 293:

''The general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person upon trial for a criminal offense is subject to a well-defined exception with respect to proof of the identity of the accused. The broad rule is that where evidence tends to aid in identifying the accused as the person who committed the particular crime under investigation, it is admissible, in spite of the fact that it tends to show that the accused is guilty of other crimes for which he is not on trial. This rule is applied in a wide variety of cases, such as arson, burglary, homicide, larceny, liquor law violations, robbery, and many other instances. It is permissible, in those instances where evidence is admitted of the commission of another similar crime for the purpose of showing identity, for the accused to introduce in evidence the record of a court showing his trial and acquittal of such other crime.

''It is clear, however, that proof of the commission of another crime is not properly admitted simply for the purpose of identifying the defendant unless it is absolutely necessary to establish identification as an element of the crime. Generally speaking, it is only where the identity of the accused is not definitely connected with the offense on trial that other offenses may be introduced to connect and identify him with the case on trial. If the identity of the accused is established by other evidence and is therefore no longer an issue, it is improper to admit evidence of other crimes on the theory of proving identity. It is necessary also for such evidence to be admissible that there be such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the

other. However, where the sole issue is the identity of the accused, the evidence on that question by the state may properly be permitted to cover a wide range, and in a measure the rigid rules of evidence will be relaxed.''

We find this text supported by citation of a very large number of cases from various jurisdictions. We also find annotations in 3 A. L. R., 1540, 22 A. L. R., 1016, 27 A. L. R., 357, and 63 A. L. R., 602, to the same effect. In introducing a discussion of the subject of the ''admissibility of evidence of other offenses in criminal prosecution to prove identity of defendant,'' the annotator in 3 A. L. R., 1540, says:

''To the general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial for a criminal offense there are several exceptions, which are as uniformly accepted by the courts as the rule itself. Among these exceptions is that, where evidence tends to aid in identifying the accused as the person who committed the particular crime under investigation, it is admissible, in spite of the fact that it tends to show the guilt of the accused of other crimes for which he is not on trial.''

The annotator in 27 A. L. R., 358, introducing a supplementary annotation on the same subject, thus comments:

''The recent cases sustain the general rule stated in the original note in 3 A. L. R., 1540, and reiterated in the note in 22 A. L. R., 1016, that evidence of an independent and separate crime, while inadmissible to prove the guilt of one on trial for a criminal offense, is admissible where such evidence tends to aid in identifying the accused as the person who committed the particular crime under investigation, although such evidence may also tend to show the guilt of the accused.''

■■ We think the exception to the rule thus stated

is soundly based and has been properly applied in this case. The two main conditions of its application have been met: (1) The proof shows such similarity in the circumstances of the commission of the two offenses as to afford evidence of the identity of the offender, and (2) while direct evidence was presented that the accused was the robber, the defendant's guilt was denied and an alibi insisted upon, so that this testimony of a similar separate offense was pertinent and reasonably required to make certain before the jury the identification of the accused. The admission of such evidence should at all times be carefully guarded and restricted to cases in which its introduction is called for to establish more clearly the identity of the accused. If identity has been otherwise clearly made out, such evidence should not be introduced, since in such case it could have no other effect than to prejudice the defendant by establishing his guilt of an independent crime, and we do not intend to recognize or approve the admission of such evidence when this is its purpose and only effect.

In view of what is said, we find no error and the judgment is affirmed.